UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

       -against-

WILSON BASTON,

                    Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023

1:23-cv-05347-MKV

**MEMORANDUM
OPINION AND ORDER
GRANTING INTERVENTION AND
STAYING ACTION**

MARY KAY VYSKOCIL, United States District Judge:

The United States of America (the "Government") seeks to intervene in this civil action pursuant to Federal Rule of Civil Procedure 24 and moves for a complete stay pending resolution of the parallel criminal matter pending in this District before Judge Victor Marrero, *United States v. Baston*, 1:23-cr-00303-VM (the "Criminal Action"). [ECF No. 7]. Defendant Wilson Baston ("Baston") consents to the requested stay. [ECF No. 8]. Plaintiff the Securities and Exchange Commission (the "SEC") takes no position. [ECF No. 9]. For the following reasons, the Government's application to intervene and motion to stay is GRANTED.

## BACKGROUND

On June 23, 2023, the SEC initiated this civil enforcement action against Baston by filing a Complaint alleging that Baston engaged in a scheme to defraud investors in a series of real estate investments. [ECF No. 1] ("Compl."). The Complaint raises claims against Baston under Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. Compl. ¶¶ 78–83.

On the same day the SEC filed the Complaint, a three-count indictment was unsealed in the Criminal Action. *See* 1:23-cr-00303-VM, ECF No. 1 ("Indictment"). The Indictment charges Baston with wire fraud, 18 U.S.C. § 1343, securities fraud, 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R.

§ 240.10b-5, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1) and (b), arising out of the same facts alleged in the Complaint in this civil action.  *See generally* Indictment.  Judge Marrero held a status conference in the Criminal Action on July 14, 2023, and scheduled a further pretrial status conference for November 3, 2023.  1:23-cr-00303-VM, ECF No. 21.

On September 6, 2023, the Government filed the current application to intervene and to stay [ECF No. 7] and a memorandum of law in support [ECF No. 8] ("Gov't Mem.").  On September 26, 2023, the SEC filed a letter informing the Court that it takes no position on the motion to stay, but that it intends to continue investigating the conduct of nonparties to this and the Criminal Action.  [ECF No. 9].  Baston has not opposed the motion to stay.  The Government represents that Baston, through counsel, consents to a stay.  Gov't Mem. 1.

## DISCUSSION

### I.   Intervention

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right if the party "(1) timely file[s] an application, (2) show[s] an interest in the action, (3) demonstrate[s] that the interest may be impaired by the disposition of the action, and (4) show[s] that the interest is not protected adequately by the parties to the action." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (internal quotation marks omitted).  "Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant has a claim or defense that shares with the main action a common question of law or fact." *S.E.C. v. Milton*, No. 21 CIV. 6445 (AKH), 2022 WL 3156180, at *2 (S.D.N.Y. Aug. 8, 2022) (internal quotation marks omitted).

The Government has demonstrated that intervention as of right is appropriate in this case.  First, the Government's application is timely, having been filed less than three months from the SEC's filing of the Complaint.  *See S.E.C. v. Billimek*, No. 22 CIV. 10542 (JHR), 2023 WL 3061360, at *2 (S.D.N.Y. Apr. 24, 2023); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395

(RWS), 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000).  Second, "[t]he government ha[s] a discernible interest in intervening . . . to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).  Third, the Government's interest "in limiting the defendant[] to the discovery available under the Federal Rules of Criminal Procedure" could be impaired by the disposition of this civil action in advance of the Criminal Action.  *S.E.C. v. Berman*, No. 20 CIV. 10658 (LAP), 2021 WL 2895148, at *2 (S.D.N.Y. June 8, 2021) (internal quotation marks omitted).  "Finally, although the interests of the SEC and the government certainly converge to some extent, the government is uniquely focused on the enforcement of criminal statutes." *S.E.C. v. Shkreli*, No. 15CV7175KAMRML, 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016).  Thus, no party adequately protects the Government's interest in this action.  *See id.*

Alternatively, permissive intervention is appropriate, in the Court's discretion, given the common questions of law and fact underlying this action and the Criminal Action.  *See U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("Permissive intervention is wholly discretionary with the trial court.").  "It is well-established that the [Government] may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *S.E.C. v. Downe*, No. 92 CIV. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993); *see Billimek*, 2023 WL 3061360, at *2; *Berman*, 2021 WL 2895148, at *3; *Shkreli*, 2016 WL 1122029, at *3.

Accordingly, the Court GRANTS the Government's application to intervene.

**II.     Complete Stay**

Having granted the Government's application to intervene, the Court turns to the Government's request for a complete stay of this action pending the conclusion of the Criminal

3

Action.  Gov't Mem. 5–10.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)).  "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action."  *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citations omitted) (collecting cases).  In determining whether to grant such a stay, district courts in the Second Circuit consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99.

Here, the application of each factor favors the Government's requested stay.  First, this action and the Criminal Action arise from the same alleged scheme to defraud investors, such that there is significant overlap of the issues.  *See Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.").  Second, Baston has been indicted in the Criminal Action.  *See In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.").  Third, because "neither the SEC nor [Baston] oppose the stay, the Court discerns no prejudice to either party from a stay."  *Billimek*, 2023 WL 3061360, at *3 (internal quotation marks omitted).  Fourth, considering that Baston consents to the Government's motion, the Court finds that Baston's private interests

4

favor a stay.  *See Berman*, 2021 WL 2895148, at *3; *Billimek*, 2023 WL 3061360, at *3.  Fifth, the interest of the Court in judicial efficiency favors a stay "because the outcome of the Criminal [Action] could directly affect the scope and result of the civil proceeding," *Berman*, 2021 WL 2895148, at *3, including by collaterally estopping Baston from relitigating the underlying facts should he be convicted, *S.E.C. v. Contorinis*, No. 09 CIV. 1043 RJS, 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012), *aff'd*, 743 F.3d 296 (2d Cir. 2014).  Finally, the public has a "weighty . . . interest in the prosecution of [a] criminal matter."  *S.E.C. v. Carroll*, No. 19 CIV. 7199 (AT), 2020 WL 1272287, at *5 (S.D.N.Y. Mar. 17, 2020).  Courts have consistently found that "the public's interest in the effective enforcement of criminal law trumps its interest in seeing the civil litigation move forward," *Billimek*, 2023 WL 3061360, at *3 (internal quotation marks omitted), especially where, as here, continued civil litigation could allow the defendant to "circumvent[] . . . the limitations on discovery in . . . criminal proceedings," *S.E.C. v. Abraaj Inv. Mgmt. Ltd.*, No. 19-CV-3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019) (internal quotation marks omitted).

Accordingly, the Court GRANTS the Government's motion to stay.

## **CONCLUSION**

For the foregoing reasons, the Government's application to intervene and motion for a complete stay is GRANTED.  The Government is DIRECTED to file a letter informing the Court of the status of the Criminal Action ninety days from the date of this Order, by January 15, 2024, and every ninety days thereafter.  The Government is further DIRECTED that it shall promptly notify the Court when the Criminal Action has been resolved.  The deadline for Baston to answer or otherwise respond to the Complaint [*see* ECF No. 5] is adjourned *sine die*.  For the avoidance of doubt, this Order shall not prevent the SEC from investigating individuals not named in the

Complaint or in the Criminal Action. *See S.E.C. v. F.N. Wolf & Co.*, No. 93 CIV. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993).

The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 7.

**SO ORDERED.**

Date:  October 17, 2023　　　　　　　　　　　　　_____
　　　　New York, NY　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**