USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

WILSON BASTON (A/K/A CHANON GORDON),

Defendant.

23-cv-05347-MKV

---

**FINAL JUDGMENT AS TO DEFENDANT WILSON BASTON**

The Securities and Exchange Commission having filed a Complaint and Defendant Wilson Baston (a/k/a Chanon Gordon) ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

1

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l]

or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,675,000, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $341,004.60. However, Defendant's obligation to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final Judgment by the orders of restitution and forfeiture entered against him in *United States v. Wilson Baston*, 23. Cr. 303 (VM) (S.D.N.Y.).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

~~IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.~~

Dated:  _____ March 6 , 2025_

_Mary Kay Vyskocil_
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILSON BASTON (A/K/A CHANON GORDON),<br><br>Defendant. | 23-cv-05347-MKV |

**CONSENT OF DEFENDANT WILSON BASTON**

1.      Defendant Wilson Baston (a/k/a Chanon Gordon) ("Defendant") acknowledges

having been served with the complaint in this action, enters a general appearance, and admits the

Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters

alleged in the complaint in this action. Specifically, in *United States v. Wilson Baston*, 23 Cr. 303

(VM) (S.D.N.Y.), Defendant pleaded guilty to violations of Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17

C.F.R. § 240.10b-5]. In connection with that plea, Defendant admitted the facts set out in the

transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall

remain in full force and effect regardless of the existence or outcome of any further proceedings

in *United States v. Wilson Baston*, 23 Cr. 303 (VM) (S.D.N.Y.).

3.      Defendant hereby consents to the entry of the Final Judgment in the form attached

hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violation of Section

17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] and Exchange Act Section 10(b) [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §§ 240.10b-5(b)];

(b)    orders that Defendant is liable for disgorgement in the amount of $2,675,000 and prejudgment interest in the amount of $341,004.60, which will deemed satisfied by the orders of restitution and forfeiture entered against Defendant in *United States v. Wilson Baston*, 23. Cr. 303 (VM) (S.D.N.Y.);

(c)    permanently restrains and enjoins Defendant from serving as an officer or director of any company that has a class of securities registered under Exchange Act Section 12 [15 U.S.C. § 78l] or that is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78o(d)]; and

(d)    permanently restrains and enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal accounts.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a

3

statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/19/24

Wilson Baston

On November 19th, 2024, Wilson Baston, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: PIYUSH B SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2026

# EXHIBIT A

O1VJBASP

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        23 Cr. 303 (VM)

5   WILSON BASTON,

6                                        Plea
                 Defendant.
7   ------------------------------x

8
                                         New York, N.Y.
9                                        January 31, 2024
                                         11:00 a.m.
10

11  Before:

12              HON. ROBERT W. LEHRBURGER,

13                                       U.S. Magistrate  Judge

14                          APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    ALEX ROSSMILLER
17       Assistant United States Attorney

18  DAVID PATTON
    FEDERAL DEFENDERS OF NEW YORK, INC.
19       Attorney for Defendant
    BY:  MICHAEL ARTHUS
20

21

22

23

24

25
```

O1VJBASP

1          (Case called)

2          THE DEPUTY CLERK:  Attorneys, please state your name

3    for the record starting with the government.

4          MR. ROSSMILLER:  Good morning, your Honor.

5          Alex Rossmiller for the government.

6          MR. ARTHUS:  For Mr. Baston, Michael Arthus, Federal

7    Defenders.

8          Good afternoon.

9          THE COURT:  Good morning all.  Good morning,

10   Mr. Baston.

11         THE DEFENDANT:  Good morning, sir.

12         THE COURT:  All right.  I understand we're here

13   because you intend to plead guilty to a charge from your

14   indictment, specifically Count Two.  How do you intend to plead

15   today?

16         THE DEFENDANT:  Your Honor, I intend to plead guilty,

17   sir.

18         THE COURT:  In order to take your plea, I am going to

19   swear you in because I'm going to need to ask you a number of

20   questions.  I remind you that because you'll be under oath, if

21   you give false information you could be prosecuted for perjury.

22         Do you understand?

23         THE DEFENDANT:  Yes.

24         (Defendant sworn)

25         THE COURT:  First order of business is a form that is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    entitled Consent to Proceed Before a United States Magistrate

2    Judge on a Felony Plea Allocution.  This form says that you

3    have the right to have your plea taken by a United States

4    district judge, but you are agreeing to have your plea taken by

5    a United States magistrate judge such as myself.

6            As a magistrate judge, I have the authority to take

7    your plea with your consent, and you'll still be entitled to

8    all the rights and protections as if you were before a district

9    judge.  And the district judge will be the one who imposes the

10   sentence.

11           Do you understand that?

12           THE DEFENDANT:  Yes.

13           THE COURT:  All right.  Did you sign the consent form?

14           THE DEFENDANT:  Yes, I did.

15           THE COURT:  Before you signed it, did your lawyer

16   explain it to you?

17           THE DEFENDANT:  Yes, he did.

18           THE COURT:  Did you sign it voluntarily?

19           THE DEFENDANT:  Yes, I did.

20           THE COURT:  Do you, in fact, wish to proceed with your

21   plea before a United States magistrate judge?

22           THE DEFENDANT:  Yes, I do.

23           THE COURT:  The consent is accepted.

24           So the purpose of this proceeding is to make sure that

25   you understand your rights, to decide whether you are pleading

1    guilty of your own free will, and to make sure you are pleading

2    guilty because you are guilty and not for some other reason.

3    So I'm going to ask you a number of questions.  If you don't

4    understand or don't hear, let your attorney know or let me know

5    and I will clarify, okay?

6              THE DEFENDANT:  Yes.

7              THE COURT:  What is your full name?

8              THE DEFENDANT:  Wilson James Baston, Jr.

9              THE COURT:  How old are you?

10             THE DEFENDANT:  62, sir.

11             THE COURT:  Can you read and write in English?

12             THE DEFENDANT:  Yes.

13             THE COURT:  How far did you go in school?

14             THE DEFENDANT:  Two years of college.

15             THE COURT:  Are you currently or have you recently

16   been under the care of a psychiatrist, psychologist, or other

17   mental health provider for any reason?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  Have you ever been hospitalized for mental

20   illness, alcoholism, or drug addiction?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Do you have any condition that affects

23   your ability to see or to hear?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Do you have any condition that affects

1    your ability to think or to understand or to make judgments or

2    decisions on your own behalf?

3              THE DEFENDANT:  No, sir.

4              THE COURT:  As you sit here today, are you under the

5    influence of any mind-altering drug or alcohol?

6              THE DEFENDANT:  I am not.

7              THE COURT:  Do you feel okay today?

8              THE DEFENDANT:  Yes, I do.

9              THE COURT:  Is your mind clear?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand what is happening in

12   this proceeding?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Have you seen a copy of the indictment

15   that contains the charges against you?

16             THE DEFENDANT:  Yes, I have.

17             THE COURT:  Have you read it?

18             THE DEFENDANT:  Yes, I have.

19             THE COURT:  Do you understand what it says you did?

20             THE DEFENDANT:  Yes, I do.

21             THE COURT:  Have you had enough time to speak with

22   your attorney about your case and how you wish to plead?

23             THE DEFENDANT:  Yes, I have.

24             THE COURT:  Has your attorney explained to you the

25   consequences of pleading guilty?

O1VJBASP

1          THE DEFENDANT:  Yes, he has.

2          THE COURT:  Are you satisfied with your attorney's

3   representation?

4          THE DEFENDANT:  Yes, I am.

5          THE COURT:  Does either counsel have any objections to

6   or concerns about defendant's competence to plead at this time?

7   Mr. Rossmiller?

8          MR. ROSSMILLER:  No, your Honor.

9          MR. ARTHUS:  No.

10          THE COURT:  I'm now going to explain certain

11   constitutional rights that you have.  These are rights that you

12   will be giving up if you enter a guilty plea.  So again, please

13   listen carefully and if you don't hear or understand, let us

14   know and I will clarify.

15          Under the Constitution and the laws of the United

16   States, you have the right to plead not guilty to the charges

17   contained in the indictment.

18          Do you understand?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you plead not guilty, you would be

21   entitled under the constitution to a speedy and public trial by

22   a jury of those charges.  At that trial, you would be presumed

23   innocent, and the government would be required to prove your

24   guilt beyond a reasonable doubt before you could be found

25   guilty.  And you could not be convicted unless a jury of 12

O1VJBASP

1    people agreed unanimously that you are guilty beyond a

2    reasonable doubt.

3              Do you understand that?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  If you decided to go to trial, at that

6    trial and every stage of your case you would be entitled to be

7    represented by an attorney.  And if you could not afford one,

8    an attorney would be appointed to represent you at the

9    government's expense.  Even if you retained a private defense

10   attorney, if you ran out of money, an attorney would still be

11   appointed to continue to represent you.  You would be entitled

12   to an attorney all the way through trial and not just for

13   giving a guilty plea, so your decision to plead guilty should

14   not depend on whether you can afford to hire an attorney.

15             Do you understand that?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  During a trial, the witnesses for the

18   prosecution would have to come to court and testify in your

19   presence where you could see and hear them and your attorney

20   could cross-examine them.  And if you wanted, your lawyer could

21   offer evidence on your own behalf.  You'd also be able to use

22   the Court's power to compel witnesses to come to court to

23   testify in your defense, even if they did not want to come.

24             Do you understand that?

25             THE DEFENDANT:  Yes, I do.

1          THE COURT:  At a trial, you would have the right to

2     testify in your defense, if you wanted to, but you also have

3     the right not to testify.  And if you chose not to testify,

4     that could not be used against you in any way.  No inference or

5     suggestion of guilt would be permitted from the fact that you

6     did not testify.

7          Do you understand that?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  If you were convicted at trial, you would

10     have the right to appeal that verdict to a higher court.

11          Do you understand that?

12          THE DEFENDANT:  Yes, I do.

13          THE COURT:  As I said before, you have the right to

14     plead not guilty.  Even now you have the right to plead or

15     continue to plead not guilty and go to trial.  But if you do

16     plead guilty, if the Court accepts your plea, you will give up

17     the rights I have just described.  If you plead guilty, there

18     will be no trial.  All that will remain to be done will be to

19     impose a sentence.  You and the government will have a chance

20     to make arguments about what sentence you should get, but there

21     will not be any further trial to determine whether you are

22     guilty or not guilty of the charges to which you have pled

23     guilty.

24          Do you understand that?

25          THE DEFENDANT:  Yes, I do.

O1VJBASP

THE COURT:  Finally, if you do plead guilty, you are

also giving up the right not to incriminate yourself, and I

will ask you questions about what you did in order to satisfy

myself that you are actually guilty.  By pleading guilty, you

will be admitting your factual and legal guilt.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  So I'm now going to review with you the

charge to which you intend to plead guilty and the consequences

of pleading guilty to it.  Count Two of the indictment charges

you with securities fraud in violation of Title 15, United

States Code, Section 78j(b) and 78ff, Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States

Code, Section 2.

I will now ask the assistant United States attorney to

state the elements of this charge.  Elements are the things the

government would have to prove beyond a reasonable doubt in

order to establish your guilt.  Mr. Rossmiller?

MR. ROSSMILLER:  Yes, your Honor.  Thank you.

In connection with Count Two, which charges the

defendant with securities fraud, the government would have to

prove at trial that in connection with the purchase or sale of

securities not registered on an exchange, here, certain

promissory notes, the defendant employed a device, scheme, or

artifice to defraud or engaged in an act, practice, or course

 1    of business that operated or would operate as a fraud or deceit

 2    upon a purchaser or seller of the security, again, here,

 3    certain promissory notes.

 4            The government also would have to prove that the

 5    defendant acted knowingly, willfully, and with an intent to

 6    defraud when engaging in this scheme; and, finally, that the

 7    use of any means or instrument of transportation or

 8    communication in interstate commerce or any facility of any

 9    national securities exchange was used.

10            The government would also have to prove venue by a

11    preponderance of the evidence, that is, that a portion of the

12    scheme that was in furtherance of the scheme occurred in the

13    Southern District of New York.

14            THE COURT:  Thank you.

15            Mr. Baston, how do you intend to plead to Count Two?

16            THE DEFENDANT:  Guilty, sir.

17            THE COURT:  So with respect to the offense to which

18    you are pleading, I want to make sure you understand the

19    maximum possible penalty that the court may impose.  Maximum

20    means the most that could possibly be imposed.  It does not

21    mean that it is necessarily what you will receive, but by

22    pleading guilty you are exposing yourself to the possibility of

23    receiving any combination of punishments up to the maximum that

24    I am about to describe.

25            Do you understand that?

O1VJBASP

1      THE DEFENDANT:  Yes, I do.

2      THE COURT:  So the maximum term of imprisonment for

3   pleading guilty to Count Two is 20 years and a maximum term of

4   supervised release of three years.  Supervised release means

5   that after you are released from prison, you may be subject to

6   supervision by the probation department.  If you are placed on

7   supervised release and thereafter violate any condition of that

8   supervised release, the district judge can revoke the term of

9   supervised release previously imposed and return you to prison

10   without giving you any credit for time previously served on

11   post-release supervision.

12      In addition to these restrictions on your liberty, the

13   maximum possible punishment also includes financial penalties.

14   The maximum allowable fine for pleading guilty to Count Two is

15   the greatest of $5 million or twice the gross pecuniary gain

16   derived from the offense or twice the gross pecuniary loss to

17   persons other than you resulting from the offense.  The Court

18   is also required to impose a $100 mandatory special assessment.

19      In addition to pleading guilty, you are admitting to

20   the forfeiture allegations, and you agree to forfeit a sum of

21   money equal to $2,675,000 representing the proceeds traceable

22   to the commission of the offense.  And you, in fact, consent to

23   entry of a consent order of forfeiture annexed to your plea

24   agreement.  Finally, you also agree to make restitution in an

25   amount ordered by the Court.

O1VJBASP

1          Do you understand all those maximum potential

2     penalties as I've described them so far?

3          THE DEFENDANT:  Yes, I do.

4          THE COURT:  In addition, if you are a naturalized

5     citizen of the United States, then your guilty plea may also

6     have adverse consequences for your immigration status such that

7     you could be subject to denaturalization and removal.  If you

8     are not a United States citizen, then your guilty plea may also

9     have adverse consequences for your ability to remain in or

10    return to the United States, including removal, deportation,

11    denial of citizenship, and denial of admission to the United

12    States in the future.  If that does happen, you will still be

13    bound by your guilty plea, that is, you will not be able to

14    withdraw it, regardless of any advice you have received from

15    counsel or others regarding the immigration consequences of

16    your plea.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you now understand the charges against

20    you to which you intend to plead guilty and the consequences of

21    pleading guilty to them?

22          THE DEFENDANT:  Yes, I do.

23          THE COURT:  So I have before me a written plea

24    agreement dated December 6, 2023.  Did you sign this agreement?

25          THE DEFENDANT:  Yes, I did.

O1VJBASP

1        THE COURT:  Did you read the agreement before you
2   signed it?
3        THE DEFENDANT:  Yes, I did.
4        THE COURT:  Did you discuss it with your attorney
5   before you signed it?
6        THE DEFENDANT:  Yes, I did.
7        THE COURT:  Did your attorney explain to you all of
8   its terms and conditions?
9        THE DEFENDANT:  Yes, he did.
10        THE COURT:  Do you understand all of its terms and
11   conditions?
12        THE DEFENDANT:  Yes, I do.
13        THE COURT:  So the letter says that you and the
14   government have reached agreement regarding the appropriate
15   calculation of your sentence under a part of our law known as
16   the sentencing guidelines, that the appropriate guideline
17   sentencing range is 57 to 71 months' imprisonment.
18        Do you understand that?
19        THE DEFENDANT:  Yes, I do.
20        THE COURT:  So under the agreement, neither you nor
21   the government is allowed to argue to the sentencing judge for
22   a calculation that is different than the one given.  However,
23   the sentencing judge is not bound by the calculation in the
24   letter, and he or she will be free to do his or her own
25   calculation, which may result in a sentencing range that

O1VJBASP

1    differs from the one in this letter.

2              Do you understand that?

3              THE DEFENDANT:  Yes, I do.

4              THE COURT:  The sentencing range is just one of many

5    factors the judge will consider in determining your sentence.

6    The judge has discretion to give you a sentence below or above

7    the range, anywhere up to the maximum I told you about.

8              Do you understand that?

9              THE DEFENDANT:  Yes, I do.

10             THE COURT:  The sentencing guidelines range also

11   provides for a fine in the range of 20,000 to $5 million.

12             Do you understand that, as well?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  So as long as the sentencing judge

15   sentences you to a prison term of no longer than 71 months, you

16   are giving up your right to challenge your sentence, whether by

17   direct appeal, writ of *habeas corpus*, or otherwise.

18             Do you understand?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  By pleading guilty, you also will not be

21   able to appeal any fine up to $5 million, any lawful sentence

22   of supervised release, any restitution as set forth in the

23   agreement, and any forfeiture as set forth in the agreement.

24             Do you understand that?

25             THE DEFENDANT:  Yes, I do.

O1VJBASP

1          THE COURT:  Under the terms of the plea agreement,

2    even if you later learn that the government withheld from your

3    counsel certain information that would have been helpful to

4    your defense, you will not be able to complain about that or

5    withdraw your guilty plea on that basis.

6          Do you understand?

7          THE DEFENDANT:  Yes, I do.

8          THE COURT:  Counsel, is there any other provision you

9    would like me to review with the defendant?  Government?

10          MR. ROSSMILLER:  Not from the government, your Honor.

11          THE COURT:  Defense?

12          MR. ARTHUS:  No.

13          THE COURT:  Mr. Baston, apart from what is contained

14    in the plea agreement, have any promises been made to you in

15    order to get you to plead guilty?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Has anyone threatened, forced, or coerced

18    you in any way, either directly or indirectly, to get you to

19    plead guilty?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  And now that you've been advised of the

22    charges against you, the possible penalties you face, and the

23    rights you are giving up, is it still your intention to plead

24    guilty to Count Two of the indictment?

25          THE DEFENDANT:  Yes, it is.

1          THE COURT:  Is your plea voluntary and made of your

2    own free will?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Mr. Baston, with respect to Count Two of

5    the indictment, how do you plead, guilty or not guilty?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  Can you please tell me in your own words

8    what you did that makes you guilty of the crime charged to

9    which you are pleading.

10         THE DEFENDANT:  From 2018 to 2023, I engaged in a

11   scheme to defraud here in New York City.  I misled people to

12   invest money with me by telling them it would be used solely

13   for real estate transactions.  This wasn't true.  I often used

14   their money to pay other investors instead of putting it

15   towards real estate transactions.  I misled my investors about

16   how their money would be used so that they would invest with

17   me.  I deeply regret my actions.  I apologize to the victims

18   for the harm I have caused.

19         THE COURT:  And did you know at the time that you

20   committed those acts that they were illegal?

21         THE DEFENDANT:  Yes.

22         THE COURT:  All right.

23         Mr. Rossmiller, are there any additional questions you

24   would like me to ask the defendant?

25         MR. ROSSMILLER:  No, your Honor, just say that the

O1VJBASP

government proffers that it would expect to be able to prove

venue by a preponderance of the evidence, in particular, based

on financial transactions that occurred in and through the

Southern District of New York, and that certain victims were

based in the Southern District of New York at the time of the

scheme, and they themselves transacted in financial entities

also located in the Southern District of New York.  My

understanding is that the defendant does not dispute or have

any argument with the government's proffer as to venue.

THE COURT:  Is that correct?

MR. ARTHUS:  Yes, that's correct.

THE COURT:  Mr. Rossmiller, do you believe there's

sufficient factual predicate for a guilty plea?

MR. ROSSMILLER:  I do, your Honor.

THE COURT:  And does the government represent that it

has sufficient evidence to establish guilt beyond a reasonable

doubt at trial?

MR. ROSSMILLER:  Yes.

And your Honor, I think were the case to go to trial,

the government would expect to prove that Mr. Baston falsely

represented to investors that their investments would be used

in their entirety to fund real estate investments.  And

Mr. Baston, in fact, used the funds for other purposes

including for his personal use and enrichment and also to pay

off other prior investors, and that Mr. Baston perpetrated the

O1VJBASP

1   fraudulent scheme in part through telephone calls, use of

2   interstate bank wires and transfers, and the use of interstate

3   electronic communications.  And I should say again, with

4   respect to the use of interstate communications and with wires,

5   my understanding is the defendant does not dispute the

6   government's proffer as to those facts.

7          THE COURT:  All right.  Thank you.

8          Mr. Arthus, are there any additional questions you

9   would like me to ask the defendant?

10         MR. ARTHUS:  No.

11         THE COURT:  And do you believe there's sufficient

12  factual predicate for a guilty plea?

13         MR. ARTHUS:  Yes.

14         THE COURT:  So Mr. Baston, on the basis of your

15  responses to my questions and my observations of your demeanor,

16  I find that you are competent to enter an informed guilty plea

17  and that there is a factual basis for it.  I'm satisfied that

18  you understand your rights, that you are aware of the

19  consequences of your plea, including the sentence that may be

20  imposed, and that you are voluntarily pleading guilty, and that

21  you have admitted that you are guilty as charged in Count Two

22  of the indictment.  For these reasons, I'm accepting your plea

23  and recommend the district judge do the same.

24         Mr. Rossmiller, will the government order a copy of

25  the transcript and submit it, together with any additional

O1VJBASP

 1  paperwork, so that the district judge can act on that

 2  recommendation.

 3          MR. ROSSMILLER:  Yes, your Honor.

 4          THE COURT:  And I understand there is not yet a

 5  sentencing date; is that correct?

 6          MR. ROSSMILLER:  That's correct.

 7          Judge Marrero asked the parties to contact his

 8  chambers once this had occurred and concluded, but we, I think,

 9  have discussed a sentencing control date of May 31.

10          THE COURT:  Yes.  I will set a control date of May 31,

11  2024 at 10:00 a.m.  And I direct that the presentence report be

12  prepared.

13          Will you be prepared within 14 days to deliver the

14  case summary to the probation department?

15          MR. ROSSMILLER:  Yes, your Honor.

16          THE COURT:  And defense counsel, will you be available

17  with your client within 14 days to be interviewed by the

18  probation department?

19          MR. ARTHUS:  Likely.  We'll discuss with them dates,

20  but yes.

21          THE COURT:  In other words, you're going to work out

22  the timing?

23          MR. ARTHUS:  Yes.

24          THE COURT:  What are we doing with respect to

25  detention or release pending sentencing?

O1VJBASP

1          MR. ROSSMILLER:  The government does not have any

2     applications with respect to the defendant's bail and ask that

3     the conditions of bail be continued.

4          THE COURT:  The defendant will continue to be on bail

5     pursuant to the conditions previously imposed.

6          I remind you, Mr. Baston, those conditions still

7     apply, and a violation of those conditions can have serious

8     consequences including revocation of bail and prosecution for

9     bail jumping.

10          Do you understand?

11          THE DEFENDANT:  Yes, I do, sir.

12          THE COURT:  Anything further from the government?

13          MR. ROSSMILLER:  No, thank you, your Honor.

14          THE COURT:  Anything further from the defense?

15          MR. ARTHUS:  No.

16          THE COURT:  All right.  We're adjourned.

17          Good luck to you, Mr. Baston.

18          THE DEFENDANT:  Thank you, your Honor.

19          (Adjourned)

20

21

22

23

24

25